# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> RYAN ZINKE, in his official capacity ) <br> as Secretary of the Interior, and ) <br> UNITED STATES DEPARTMENT OF ) <br> THE INTERIOR, ) <br> ) <br> Defendants. ) <br> ) | 3:17-cv-00091 JWS <br><br> ORDER AND OPINION <br><br> [Re: Motions to Intervene at <br> dockets 19, 29 and 54; and <br> Modified briefing schedule <br> for the motion at docket 62] |

## I. MOTIONS PRESENTED

At docket 19, Pacific Legal Foundation, Alaska Outdoor Council, Big Game Forever, Kurt Whitehead, and Joe Letarte (collectively "PLF") move to intervene in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure. At docket 29, Safari Club International and the National Rifle Association (collectively "Safari") move to intervene pursuant to Rule 24. At docket 54 the State of Alaska ("State") moves to intervene pursuant to Rule 24. Plaintiff Center for Biological Diversity ("Plaintiff") responds to all three motions at docket 71. Defendants Ryan Zinke and the United States Department of the Interior (collectively "Interior") respond to the three motions at

docket 72. PLF replies at docket 77; Safari replies at docket 78; and State replies at docket 79. The motions are thoroughly briefed. Oral argument would not be of assistance to the court.

## II. BACKGROUND

At the heart of this lawsuit is a federal law commonly called the Congressional Review Act ("CRA").[1] That law addresses Congressional oversight of rules adopted by federal agencies. Pursuant to section 802 of the CRA,[2] Congress may disapprove rules adopted by federal agencies. In 2016, Interior adopted a rule that regulates methods by which predator populations may be controlled within National Wildlife Refuges in Alaska,[3] which will be referred to as the Refuges Rule. That rule prohibited several practices that are regulated and permitted under Alaska law, including the use of snares, nets, and traps, hunting wolves or coyotes during their denning season, baiting bears, and using aircraft to hunt bears. As required by the CRA, Interior submitted a report addressing the Refuges Rule to Congress. Thereafter, Congress passed a joint resolution disapproving the Refuges Rule which was presented to and signed by the President.

Plaintiff filed this lawsuit challenging the constitutionality of the CRA. Plaintiff also contends that the joint resolution disapproving the Refuges Rule is invalid because

---

[1] 5 U.S.C. §§ 801–08.

[2] 5 U.S.C. § 802.

[3] Non-Subsistence Take of Wildlife, and Public Participation and Closure Procedures, on National Wildlife Refuges in Alaska, 81 Fed. Reg. 52,247 (August 5, 2016) (codified at 50 C.F.R. pts. 32 and 36).

-2-

Congress did not comply with the CRA when it disapproved the Refuges Rule. Like Interior, those seeking to intervene contend that the CRA is constitutional and that the resolution disapproving the Refuges Rule is valid.

### III. DISCUSSION

Rule 24(a)(2) requires the court to allow a party to intervene when the party "claims an interest relating to the . . . subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Thus, judicial decisions have held that a party asking to intervene under Rule 24(a)(2) must: (1) make a timely application to intervene; (2) possess a significant interest relating to the subject of the litigation; (3) be situated such that its interest may be impaired or impeded by disposition of the litigation; and (4) have an interest that is not adequately represented by an existing party.[4] In the Ninth Circuit, Rule 24(a)(2) is construed "broadly in favor of interveners."[5] The Ninth Circuit has explained that such broad construction provides an efficient disposition of issues and broader access to courts.[6]

Plaintiff does not oppose intervention by any of the prospective interveners, although it argues that PLF should be allowed to intervene permissively pursuant to Rule 24(b) rather than as of right pursuant to Rule 24(a). When a timely application is made pursuant to Rule 24(b), the rule permits the court to allow intervention by anyone

---

[4] *E.g., Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

[5] *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (en banc) (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002)).

[6] *Id*.

-3-

who "has a claim or defense that shares with the main action a common question of law or fact." The principal difference between the two forms of intervention is that where the requirements of Rule 24(a) are met, the court must allow intervention while the court has discretion to allow or deny intervention sought pursuant to Rule 24(b).[7] Plaintiff also asks that the court impose some limits on the proposed intervener defendants' participation in the lawsuit.[8] Ironically, Interior is the party opposing intervention.

Interior focuses on one of the four pertinent factors: "Because any interest of the putative Intervener-Defendants will be adequately represented by the federal government in this case, each of the motions for intervention should be denied."[9] Interior does drop a footnote indicating that it does not concede the other three requirements are met, but declines to address them because the motions to intervene should be denied on the basis of adequate representation.[10] Given Interior's failure to present any argument that any of the first three requirements are not met, coupled with Plaintiff's tacit assessment that all three prospective interveners meet them, it is not necessary to consider any prerequisite to intervention save the adequacy of representation.

When evaluating Interior's argument the court must first take note of the Ninth Circuit's policy construing Rule 24(a)(2) broadly in favor of intervention. Next, it is

---

[7]Rule 24(b) says nothing about the adequacy of representation of a would-be intervener's interest by an existing party. Obviously, however, that is one thing for the court to consider when exercising its discretion on a Rule 24(b) application.

[8]Doc. 71 at 1.

[9]Doc. 72 at 6.

[10]*Id*. at 6 n.2.

-4-

important to focus on the fact that the test is not whether an intervener's interest actually will be impaired or impeded if intervention is denied. Rule 24(a)(2) says the issue is whether that interest "may be" impaired or impeded. Thus, the Ninth Circuit has said that the burden to show inadequate representation by an existing party is "minimal."[11] Cutting the other way, the Ninth Circuit has also said that where the government acts on behalf of a constituency that it represents there is an assumption of adequacy which must be rebutted by a compelling showing.[12] Here, however, it is impossible to assume that Interior, which is charged by law with managing public lands on behalf of the entire polity, is instead representing the special and much more focused interests of the prospective interveners. The arguments and authorities advanced by all three prospective interveners are extremely persuasive with respect to the adequacy of representation issue. Relying thereon, as well as the preceding discussion in this order, the court will grant the motions to intervene.

Plaintiff argues that PLF lacks a sufficient interest to intervene as a matter of right because "its interest is solely related to the implementation of the [CRA], and furtherance of its institutional mission to encourage Congress to roll back federal agency regulations."[13] From Plaintiff's perspective that is not enough, because PLF "puts forward no interest specific to the Refuges Rule or the potential results of its

---

[11] *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011).

[12] *Arakaki*, 324 F.3d at 1086.

[13] Doc. 71 at 9.

revocation."[14] PLF responds that it is a public interest group and that its special interest in the CRA is sufficient to support intervention as of right. Both Plaintiff and PLF cite to the Ninth Circuit decision in *Idaho Farm Bureau Federation v. Babbitt.*[15] There, the Ninth Circuit held that "a public interest group is entitled as a matter of right to intervene in an action challenging the legality of a measure it has supported."[16] Plaintiff does not contend that PLF is not a public interest group; this lawsuit challenges the constitutionality of the CRA, and PLF supports use of the CRA. Intervention under Rule 24(a) is appropriate.

Next, it is necessary to address Plaintiff's request that "the Court appropriately limit interveners' participation to insure that they do not complicate or delay the resolution of this matter."[17] Plaintiff asks the court to impose three specific restrictions: (1) joint briefing by the three intervener defendants as opposed to separate briefing by each; (2) coordination by the intervener defendants with Interior to avoid duplicative arguments; and (3) compliance by the intervener defendants with any case management or briefing schedule set by the court. The court declines to impose the joint briefing requirement because it might prevent the court from gaining a full understanding of the issues raised in the litigation. The court will require interveners to coordinate not only with Interior, but with each other to avoid duplicative arguments.

---

[14]*Id.*

[15]58 F.3d 1392 (9th Cir. 1995).

[16]*Id.* at 1397.

[17]Doc. 71 at 2.

Finally, all parties will be required to comply with any briefing schedule or case management order that the court issues.

There is one other consideration. Interior filed a motion to dismiss. Plaintiff's response is currently due on August 16, 2017, and Interior's reply is currently due on September 3, 2017. The intervener defendants may file briefs in support of Interior's motion to dismiss subject to the following limitations: Such briefs must be filed no later than August 7, 2017; each intervener defendant's brief is limited to seven (7) pages, exclusive of the cover page and table of authorities if one is included. The time for filing Plaintiff's response is extended to August 21, 2017. The time for filing Interior's reply is extended to September 18, 2017. Intervener defendants may not file replies unless requested to do so by the court.

## IV.  CONCLUSION

For the preceding reasons, the motions at dockets 19, 29, and 54 are granted. PLF, Safari, and State are given the status of intervener defendants pursuant to Federal Rule of Civil Procedure 24(a). It is further ordered that intervener defendants shall coordinate with Interior and one another to avoid duplicative briefing, and all parties shall comply with any briefing schedule and case management plan that the court may issue, including the briefing schedule relating to the motion to dismiss set out above.

DATED this 28th day of July, 2017.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT